IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**CHRISTOPHER HUMPHRIES**                                                  **PLAINTIFF**

vs.                                              No. 5:19-cv-710

**FEDEX CORP.**                                                                 **DEFENDANT**

## ORIGINAL COMPLAINT

COMES NOW Plaintiff Christopher Humphries (hereinafter "Plaintiff") by and through his attorneys Merideth Q. McEntire and Josh Sanford of the Sanford Law Firm, PLLC, and for his Original Complaint against Defendant FedEx Corp. (hereinafter "Defendant") states and alleges as follows:

### I.     INTRODUCTION

1.     This is an action brought by Plaintiff, a delivery driver for Defendant, for violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. (the "FLSA") for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, costs, including a reasonable attorney's fee as a result of Defendant's failure to pay Plaintiff proper overtime wage compensation for all hours worked in excess of forty (40) hours per week.

### II.     JURISDICTION AND VENUE

2.     The United States District Court for the Western District of Texas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

3. The acts complained of herein were committed and had their principal effect against Plaintiff within the San Antonio Division of the Western District of Texas; therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

4. Defendant does business in this District and a substantial part of the events alleged herein occurred in this District.

5. Plaintiff seeks a declaratory judgment under 28 U.S.C. §§ 2201 and 2202.

6. Plaintiff seeks compensation and other relief under the FLSA, 29 U.S.C. § 201 *et seq*.

### III.   PARTIES

7. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

8. Plaintiff is an individual and resident of Medina County.

9. Plaintiff is employed by Defendant as a Pick-up and Delivery Driver within the three (3) years preceding the filing of this Original Complaint. Plaintiff is paid by the hour.

10. Plaintiff has worked for Defendant for approximately twenty-six (26) years and continues to be employed with Defendant.

11. Plaintiff is an "employee" of Defendant as defined by the FLSA.

12. At all times material herein, Plaintiff has been entitled to the rights, protection and benefits provided under the FLSA 29 U.S.C. § 201, *et seq*.

13. Defendant is a foreign corporation, registered and licensed to do business in the State of Texas.

14. Defendant's registered agent for service of process is C T Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

15. Defendant is an "employer" within the meaning set forth in the FLSA and was, at all times relevant to the allegations in this Complaint, Plaintiff's employer.

16. Defendant maintains an office and warehouse facility in or near San Antonio, where Plaintiff works.

### IV.     FACTUAL ALLEGATIONS

17. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint above, as if fully set forth herein.

18. Defendant is a nationwide and global package delivery company, moving products and packages across state and national lines.

19. During the relevant time, Defendant had two or more employees who engaged in interstate commerce or in the production of goods for interstate commerce, or who handled, sold, or otherwise worked on goods or materials that had been moved in or produced for interstate commerce.

20. For each of the three calendar years preceding the filing of the Original Complaint, Defendant's annual gross volume of sales made or business done was not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated).

21. Within the time period relevant to this case, Plaintiff worked for Defendant as a Pick-up and Delivery Driver.

22. Plaintiff worked in excess of forty (40) hours per week throughout his tenure with Defendant.

23. Plaintiff generally worked between forty (40) and forty-five (45) hours per week, but in the weeks leading up to the filing of Plaintiff's Original Complaint, Plaintiff worked approximately fifty-four (54) hours per week. These estimates are exclusive of the off-the-clock work alleged herein.

24. Requiring Drivers to work at least forty (40) hours per week is Defendant's standard practice, exclusive of the off-the-clock work alleged herein.

25. Plaintiff is classified as an hourly employee.

26. Defendant did not pay Plaintiff for all hours in excess of forty (40) hours per week.

27. Defendant required Plaintiff to perform "off the clock" work each week during the relevant time period.

28. Specifically, Defendant required Plaintiff to perform work-related tasks, such as using the computer to build delivery routes, prior to clocking in at the beginning of each shift. Plaintiff was not permitted to clock in, and therefore did not begin receiving compensation from Defendant, until after these tasks were complete.

29. The off-the-clock tasks Defendant required Plaintiff to perform took at least one hour each workday, meaning Plaintiff worked at least one hour each day for Defendant for which he was not compensated.

30. Because Plaintiff was already working at least forty hours per week, he should have been compensated at a rate of one and one-half times his regular rate of pay for the time spent performing off-the-clock work. Instead, he was not compensated at all for this time.

31. During the course of his employment with Defendant, Plaintiff was regularly and typically handling packages that traveled in interstate commerce.

32. At all times relevant hereto, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203

33. Upon information and belief, Defendant knew, or showed reckless disregard for whether, the way it paid Plaintiff violated the FLSA.

### V.     CAUSE OF ACTION

34. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint above, as if fully set forth herein.

35. Plaintiff asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201 *et seq*.

36. At all relevant times, Plaintiff worked for Defendant as a Driver.

37. Plaintiff worked in excess of forty (40) hours per week throughout his tenure with Defendant.

38. Plaintiff was classified as an hourly employee.

39. Plaintiff regularly worked more than forty (40) hours per week.

40. Plaintiff regularly performed off-the-clock work for Defendant for which he was not compensated.

41. Defendant violated the FLSA by not compensating Plaintiff for all hours worked in excess of forty (40) hours per week.

42. Defendant's conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary, and in bad faith.

43. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages, costs, and a reasonable attorney's fee provided by the FLSA for all violations which occurred beginning at least three (3) years preceding the filing of Plaintiff's initial complaint, plus periods of equitable tolling.

44. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff as provided by the FLSA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

## VI.     PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Christopher Humphries, respectfully prays as follows:

A. That Defendant be summoned to appear and answer herein;

B. That Defendant be required to account to Plaintiff and the Court for all of the hours worked by Plaintiff and all monies paid to him;

C. A declaratory judgment that Defendant's practices alleged herein violate the Fair Labor Standards Act, and its attendant and related regulations;

D. For an order entering judgment in Plaintiff's favor against Defendant;

E. For declaratory judgment that Defendant's practices alleged herein violate the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, and attendant regulations at 29 C.F.R. §516 *et seq.*;

F. For damages for all unpaid overtime compensation under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, and attendant regulations at 29 C.F.R. §516 *et seq.*,

G. For liquidated damages pursuant to the Fair Labor Standards Act, 29 US.C. §201, *et seq.*, and attendant regulations at 29 C.F.R. §516 *et seq.*, in an amount equal to all unpaid overtime compensation owed to Plaintiff during the applicable statutory period;

H. For an equitable tolling of the statutes of limitations due to violations of applicable laws by Defendant;

I. An order directing Defendant to pay Plaintiff prejudgment interest, reasonable attorneys' fees, and all costs connected with this action; and

J. Such other relief as this Court may deem necessary, just, and proper.

Respectfully submitted,

**PLAINTIFF CHRISTOPHER HUMPHRIES**

SANFORD LAW FIRM, PLLC
One Financial Center
650 S. Shackleford, Suite 411
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

*/s/ Merideth Q. McEntire*
Merideth Q. McEntire
Tex. Bar No. 24105123
merideth@sanfordlawfirm.com

*/s/ Josh Sanford*
Josh Sanford
Tex. Bar No. 24077858
josh@sanfordlawfirm.com